## WARD *versus* CHASE.

In a suit between the vendee of a chattel and an attaching officer, upon the question whether the sale was fraudulent as against the creditors of the vendor, the interest of the vendor is to be viewed as a balanced interest, and he is therefore competent as a witness for either party.

In a suit by the vendee of a chattel against an officer, by whom it had been attached in an action against the vendor and his co-partner, such co-partner

is competent as a witness for the officer, although, *should the officer recover*, the avails of the property would *probably* go to reduce the witness' liability upon the partnership debt.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

TRESPASS, against the sheriff for the act of his deputy in attaching a mare, alleged to be the plaintiff's property.

At the trial, it appeared, *that* the mare had belonged to Frye and Bemis, co-partners; *that* the partnership had been dissolved, Frye taking the property of the company and undertaking to pay its debts; *that* he afterwards sold the mare to the plaintiff, and *that* the deputy afterwards attached her with other property upon a writ against Frye & Bemis jointly, for one of the partnership debts. Upon that debt the creditor claimed $303. The attached property was sold on the writ for $474,64, which yet remains in the hands of the deputy, and the suit is now pending in Court.

In defence of this action of trespass, the officer contended, that the sale to the plaintiff was fraudulent and void, as against the attaching creditors.

The *plaintiff* called Frye, as a witness, who was objected to on the ground of interest, he being liable as vendor to the plaintiff upon the implied warranty of title. But he was admitted, and to that admission, the defendant excepted.

The *defendant* called Bemis as a witness. He was objected to upon the ground of interest, because if the defendant should recover, the avails of the mare would be applied to the partnership debt and thus reduce the indebtedness of Bemis. Bemis was rejected as a witness, and to that rejection, the defendant excepted. The verdict was for the plaintiff for $78,50, damage. There were other points and other rulings in the case.

The arguments of counsel were chiefly upon points, which the Court did not find it necessary to discuss or decide. Upon the competency of the witnesses, however, the following views were urged by —

*Stewart,* for the defendant.

1. Frye was the plaintiff's vendor, and therefore inadmissible. *Thompson* v. *Towle,* 32 Maine, 87.

His interest was not balanced. He was bound *at all events* to make the *plaintiff's* title good. But the suit, upon which the mare was attached, *may be defeated.* The attaching creditors *may fail* to establish their claim. This question has been directly decided in this Court, and the witness held incompetent. *Gage* v. *Wilson,* 17 Maine, 378, 381; S. P. in *Brewer* v. *Curtis,* 3 Fairf. 51, 53; S. P. in *Thompson* v. *Towle,* 32 Maine, 87, 89.

For another reason his interest was not balanced. The mare was attached as the property of Frye and *Bemis.* She was sold to the plaintiff by *Frye alone.* But should the attaching creditors recover judgment against Frye and Bemis, Frye would be liable for only *one moiety* of such judgment, as between himself and Bemis. If he paid the whole judgment, he would have a remedy over upon Bemis for contribution. But he would have no such remedy if the plaintiff failed in this suit. His interest, therefore, was not balanced.

2. Bemis was a competent witness for the defendant. He had no *direct* and *certain* interest in the *result* of *the suit.* If it was defeated by his testimony, the verdict could not be used as evidence for any purpose in the suit brought by the attaching plaintiffs against himself and Frye, or for any other purpose beneficial to him. He had therefore no interest in the verdict as a matter of evidence. And the attaching plaintiffs may never recover judgment against him in their suits, and, in that event, the property attached must be returned to the defendants in that suit. He had, therefore, no *pecuniary* interest in this suit. At all events, the interest was too remote, uncertain and contingent to exclude him. *Commercial Bank* v. *Wilkins,* 9 Greenl. 40; *Philbrook* v. *Handley,* 27 Maine, 56.

*Hutchinson,* for the plaintiff, upon the same point, urged that Bemis was incompetent as a witness for the defendant, being directly interested in the event of the suit and in its subject matter. 2 Stark. Ev. 750.

APPLETON, J. — In the month of March, 1851, James E. Frye sold out half of his stock in trade to Jacob Bemis and entered into co-partnership with him, which continued till Aug. 28, of the same year, when it was dissolved. Bemis then sold out his interest in the goods and profits of the firm to Frye, and received a contract to indemnify and save him harmless from all their outstanding debts. After the dissolution Frye sold the horse in dispute to the plaintiff, which, while remaining in the possession of the vendor, was attached by a deputy of the defendant on writs against the firm of Frye & Bemis, and against Frye alone, the attachment on the firm debt having precedence. The plaintiff thereupon commenced the present suit, which is defended on the ground that the sale to him was fraudulent as against creditors. To prove that it was made in good faith, the plaintiff called Frye, his vendor, whose testimony was received, subject to all legal objections. The defendant, to show the sale fraudulent, offered Bemis as a witness, who was excluded on the ground of interest. To both these rulings exceptions have been duly taken.

The evidence of Frye, though a vendor of the plaintiff, was properly admitted, his interest being regarded as balanced. *Nichols* v. *Patten*, 18 Maine, 231.

Bemis had no *legal* interest in the result of the suit, and should have been permitted to testify. The rule of law is clearly stated by GIBSON, C. J., in *Bennett* v. *Hithington*, 6 Serg. & Rawle, 195. "Although the case of the witness be in every point and particular, the case of the party by whom he is called to testify, although he expect a benefit from the event, and in short, although he be subjected to as strong bias as can influence the understanding and actions of man, yet if he be not implicated in the legal consequences of the judgment, he is competent. By legal consequences, are meant those which are fixed, certain and actual, and by which an advantage, not depending on a contingency, is to be gained or lost; such for instance, as being able to give the verdict in evidence on the one hand, or being subjected to an incumbrance or duty on

the other." A similar rule is adopted in *VanNess* v. *Ter-hune*, 3 Johns. Cases, 82. The witness had no direct and absolute interest in the record. He could not make use of the judgment in any suit by the creditors of the firm against him, and though the defence should be established, he would not be discharged. The creditors of the firm may not recover judgment, or if they do the execution may not be seasonably placed in the hands of an officer, in either which events he would derive no benefit from the attachments, though the defendant should succeed in his defence. The general interest a creditor may have, that his debtor should prosecute his suit to a successful issue, by which he will be the better able to meet his engagements, will not suffice for the exclusion of his testimony. *Noyes* v. *Sturtevant*, 18 Maine, 104. A trespasser is a witness for the plaintiff against a co-trespasser, though if a judgment be recovered against him and paid, he will be discharged, the payment being considered a matter of uncertainty. So the debtor, in a suit by a creditor against the fraudulent vendee of property under the provisions of R. S. c. 148, § 49, is permitted to testify, though the judgment recovered, if paid, will go in reduction of his debt; his interest not being considered certain, because it cannot be foreknown that it will be satisfied. *Philbrook* v. *Handley*, 27 Maine, 55. The witness Bemis has no control over the funds derived from the sale of the property attached. He cannot order or direct the plaintiff in his suit against the firm under which the officer justifies, in the application he may make of the funds. He has no such specific lien on them as will render him legally interested, however confident he may be that they will eventually be applied to the discharge of his liabilities.

The debt against the firm, on which the horse in dispute and other property was attached, amounted only to $303. The proceeds of sales, as is admitted, were $476,64. The value of the horse as found by the jury was $78,38. It would seem, therefore, that the funds arising from the sale of the horse will not be needed for the payment of the debt

against the firm, in the discharge of which alone, the witness has any interest. If the creditor of the firm should direct such an appropriation of the proceeds as would not require the funds arising from the sale of the horse to be applied to the discharge of the firm debts, then the witness would have derived no benefit from and would have no interest in its attachment.

If the interest of a witness is doubtful or contingent he should be admitted. "Objections on the score of interest, say the Court, in *Shipton* v. *Thornton*, 9 A. & E. 327, are not to be favored, and the safe rule is to admit the witness when there is doubt of the fact." The exclusion of testimony on the ground of interest, can never be justified, except when its existence is ascertained with absolute certainty, and then it must rest rather upon the authoritative force of precedents than upon the logical deductions of enlightened reason.

*Exceptions sustained. New trial granted.*

SHEPLEY, C. J., and TENNEY and RICE, J. J., concurred.